**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

DELORES ANN WILSON-BOWERS,
           Appellant,

                  v.

DEPARTMENT OF VETERANS
     AFFAIRS,
              Agency.

DOCKET NUMBER
DC-0752-15-0502-X-1

DATE: September 15, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Christopher H. Bonk, Esquire, and Kevin L. Owen, Esquire, Silver Spring,
     Maryland, for the appellant.

Alan Edwards, Roanoke, Virginia, for the agency.

Cedrick L. Wilson and Winnie Jordan Reaves, Winston Salem,
     North Carolina, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**FINAL ORDER**

¶1 The administrative judge issued a February 4, 2016 compliance initial decision finding that the agency was in noncompliance with the Board's decision in MSPB Docket No. DC-0752-15-0502-I-1. *Wilson-Bowers v. Department of Veterans Affairs*, MSPB Docket No. DC-0752-15-0502-C-1, Compliance File (CF), Tab 23, Compliance Initial Decision (CID).[2] Subsequently, this matter was referred to the Board's Office of General Counsel for compliance purposes and referral to the Board for a final decision. CF, Tab 1. For the reasons set forth below, we VACATE the compliance initial decision and DISMISS the appeal as settled.

¶2 After referral of this matter to the Office of General Counsel, the agency submitted a document entitled "SETTLEMENT AGREEMENT," signed and dated by the appellant and her counsel on June 28, 2016, and by the agency on July 6, 2016. CF, Tab 8. The document provides for the Last Chance Agreement, entered into by the parties on January 30, 2015, to end on the effective date of the settlement agreement. *Id.* at ¶ 1.1. The document also provides for the issuance of a letter of reprimand dated January 30, 2015, which will remain in the appellant's file until June 30, 2017. *Id.* at ¶ 1.2. The agreement further provides for the payment of $20,000 in attorney fees to the appellant's attorney and that the agency will not oppose any applications for disability retirement on the part of the appellant. *Id.* at ¶¶ 1.3 and 1.4.

¶3 As part of the terms of the agreement, the appellant withdraws her appeals in MSPB Docket Nos. DC-0752-15-0502-C‑1; DC-0752-15-0502-X-1; and DC-0752-15-0502-A-1.[3] *Id.* at ¶ 2.1.

---

[2] The compliance initial decision was mistitled as a "Recommendation," but it is an initial decision as described in 5 C.F.R. § 1201.183(a)(5).

[3] On July 7, 2016, the administrative judge issued an addendum initial decision in MSPB Docket No. DC-0752-15-0502-A-1, which dismissed the appeal as settled

¶4     Before dismissing a matter as settled, the Board must decide whether the parties have entered into a settlement agreement, understand its terms, and intend to have the agreement entered into the record for enforcement by the Board. *See Mahoney v. U.S. Postal Service*, 37 M.S.P.R. 146, 149 (1988). We find here that the parties have, in fact, entered into a settlement agreement, that they understand the terms, and that they want the Board to enforce those terms. CF, Tab 8, ¶ 3.

¶5     In addition, before accepting a settlement agreement into the record for enforcement purposes, the Board must determine whether the agreement is lawful on its face, whether the parties freely entered into it, and whether the subject matter of this appeal is within the Board's jurisdiction; that is, whether a law, rule, or regulation grants the Board the authority to decide such a matter. *See Stewart v. U.S. Postal Service*, 73 M.S.P.R. 104, 107 (1997). We find here that the agreement is lawful on its face, that the parties freely entered into it, and that the subject matter of the appeal—the enforcement of the Board's decision in MSPB Docket No. DC-0752-15-0502-I-1—is within the Board's jurisdiction under 5 U.S.C. §§ 7511-7513, 7701 and 5 C.F.R. § 1201.183(a)(1). CF, Tab 8.

¶6     Accordingly, we find that dismissal of the petition for enforcement "with prejudice to refiling" (i.e., the parties normally may not refile this appeal) is appropriate under these circumstances, and we accept the settlement agreement into the record for enforcement purposes.

¶7     This is the final order of the Merit Systems Protection Board in this enforcement appeal. Title 5 of the Code of Federal Regulations, section 1201.113 (5 C.F.R. § 1201.113).

---

pursuant to the agreement. *Wilson-Bowers v. Department of Veterans Affairs*, MSPB Docket No. DC-0752-15-0502-A-1, Initial Decision (July 7, 2016).

## NOTICE TO THE PARTIES OF THEIR
## ENFORCEMENT RIGHTS

If the agency or the appellant has not fully carried out the terms of the agreement, either party may ask the Board to enforce the settlement agreement by promptly filing a petition for enforcement with the office that issued the initial decision on this appeal. The petition should contain specific reasons why the petitioning party believes that the terms of the settlement agreement have not been fully carried out, and should include the dates and results of any communications between the parties. 5 C.F.R. § 1201.182(a).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.

Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.